IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOSEPH RAY LUEDTKE,<br>BOP No. 50666-510, | §<br>§<br>§ | |
| Movant, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 7:24-cv-0127-O<br>(Criminal No. 7:23-cr-007-O-1) |
| UNITED STATES OF AMERICA, | §<br>§ | |
| Respondent. | §<br>§ | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Pending before the Court is Movant Joseph Ray Luedtke ("Movant")'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), filed September 23, 2024. ECF No. 1. Respondent filed its Response and Movant did not reply. ECF No. 12. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### I. BACKGROUND

On May 5, 2023, Movant entered into a plea agreement and waiver of appeal whereby he pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. CR ECF No. 19.[1] The Court sentenced Movant to 235 months' confinement and three years of supervised release. CR ECF No. 53. Judgment was accordingly entered. CR ECF No. 41. Movant's trial counsel timely filed an appeal to the Fifth Circuit on behalf of Movant. CR ECF No. 40. Trial counsel was granted permission to withdraw from his representation of Movant. CR ECF No. 46. The Court appointed appellate counsel to Movant.

---

[1] Record citations to Movant's criminal case, *United States v. Luedtke*, 7:23-cr-007-O-1, are referenced as "CR ECF No. ___" and to the Motion to Vacate before the Court as "CV ECF No. ___."

CR ECF No. 47. Appellate Counsel filed an *Anders* brief with the Fifth Circuit and was permitted to withdraw her representation of Movant. *United States v. Luedtke*, No. 23-10968, 2024 WL 641029 (5th Cir. 2024). Movant failed to respond to the Fifth Circuit and his direct appeal was dismissed upon a finding that there were no "nonfrivolous issue[s] for appellate review." *Id.*; CR ECF No. 57 at 2.

In his Motion, Movant asks the Court to set aside his conviction on the grounds of ineffective assistance of both trial counsel and appellate counsel. CV ECF No. 1 at 4-5, 7-8. In his first ground, Movant alleges his trial counsel did not properly advise him prior to pleading guilty of his potential sentence or applicable guidelines. CV ECF No. 1 at 4. In his second ground, he alleges his trial counsel failed to challenge the indictment. CV ECF No. 1 at 5. In his third ground, Movant claims his trial counsel and his appellate counsel failed to provide him notice of filings and failed to request plea transcripts to challenge whether Movant knowingly and voluntarily waived his rights. CV ECF No. 1 at 7. In his fourth and final ground, Movant asserts two different complaints regarding the section 3553(a) sentencing factors. He claims (1) the Court erred in not "mention[ing] or referenc[ing] 3553a(a) factors throughout sentencing," and by failing to "allow movant to state his own 3553(a) factors [] in open court," and (2) he claims his trial counsel was ineffective in failing to object to the Court's alleged error and in failing to present 3553(a) factors on behalf of Movant. CV ECF No. 1 at 8; CV ECF No. 2 at 17.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

"Section 2255 provides relief for a Movant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing

court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). In a Section 2255 motion, "a defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 motion, a Movant must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### B. Ineffective Assistance of Counsel

To successfully state a claim of ineffective assistance of counsel, a movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the [movant] has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief for ineffective assistance of counsel under Section 2255. *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal

3

habeas proceeding").

## III. ANALYSIS

### A. Ground One

Movant first alleges his trial counsel was ineffective because he did not correctly advise Movant of his potential sentence under the guidelines: "counsel advised the [Movant], that his 4 possession charges were 3 [criminal history points], not twelve (12) points prior to agreeing to a plea agreement." CV ECF No. 1 at 4. Movant insists "he would not have accepted a plea but would of (sic) went to trial on a grand jury indictment instead," if trial counsel had correctly advised him of his exposure. CV ECF No. 2 at 4 (emphasis in original).

In considering *Strickland* and in the context of a guilty plea, a defendant is only prejudiced if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Shepherd*, 880 F.3d 800 F.3d 734, 743 (5th Cir. 2018) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Relevant factors to show prejudice include:

> (1) the defendant's evidence to support his assertion that he would have gone to trial had he known the relevant circumstances; (2) his likelihood of success at trial; (3) the risks he would have faced at trial; (4) his representations about his desire to retract his plea; and (5) the district court's admonishments.

*Shepherd*, 880 F.3d at 744. A court must consider this probability objectively, and a defendant cannot demonstrate prejudice based solely on his post-hoc assertions that he would have gone to trial had he been given different advice. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016); *Lee v. United States*, 582 U.S. 357, 367 (2017).

Incorrect advice about sentencing consequences can constitute deficient performance under some circumstances. *See United States v. Grammas*, 376 F.3d 433, 435-37 (5th Cir. 2004) (finding deficient performance where counsel admitted he advised his client that "he would, at

4

most, be imprisoned for 6 to 12 months if he were to be convicted," when the actual sentencing range was 70 to 87 months); *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017) (finding deficient performance where counsel told his client he would receive a one-year sentence when the mandatory minimum was five years); *but see United States v. Valdez*, 973 F.3d 396, 402-404 (5th Cir. 2020) (holding defendant's counsel was not ineffective even though counsel had advised the defendant that his guideline range was 24 to 33 months when his actual guideline range was 324 to 405 months because counsel had advised him of the statutory maximum, the estimate was not a guarantee or promise, and the miscalculation was based on counsel's lack of knowledge of a criminal statute provision).

Here, however, Movant has not established that his trial counsel actually misinformed him of his sentencing exposure. In determining the credibility of Movant, the court examines Movant's sworn testimony at his plea hearing:

> THE COURT: Under the Sentencing Reform Act of 1984, as construed by the Supreme Court, the United States Sentencing Commission has issued advisory guidelines for judges to consider in determining the sentence in a criminal case. Have you and your lawyer discussed the charges against you, the matter of sentencing, and how the sentencing guidelines might apply to your case?
>
> THE COURT: Mr. Luedtke?
>
> MOVANT: Yes, Your Honor.
>
> . . .
>
> THE COURT: The Court is not bound by facts that are stipulated between you and your attorney and the Government. The Court can impose punishment that might disregard stipulated facts, or take into account facts not mentioned in the stipulations. In that event, you might not even be permitted to withdraw your plea of guilty. The Court will not be able to determine the guideline range for your sentence until after the presentence report has been completed and you and the Government have had an opportunity to challenge the facts and conclusions reported by the probation officer.
>
> Now, do [] you understand all of the explanations that I've given to you regarding sentencing?

5

> MOVANT: Yes, Your Honor.

CR ECF No. 52 at 21-22.

Movant also testified that his trial counsel had discussed with him the application of the sentencing guidelines:

> THE COURT: Thank you. Mr. Luedtke, you're appearing here today with your attorney, Mr. Frank Trotter. You've indicated to me that you've discussed your case, the charges made against you, the issue of punishment and how the sentencing guidelines might apply to your case, with Mr. Trotter. Is that right?
>
> DEFENDANT LUEDTKE: Yes, Your Honor.
> . . .
> THE COURT: Are you fully satisfied with the representation and advice that you have received from your attorney [] in your case?
>
> MOVANT: Yes, Your Honor.

CR ECF No. 52 at 46.

Moreover, Movant acknowledged that no one had made any promises or assurances to him to induce him to plead guilty:

> THE COURT: Did you voluntarily and of your own free will enter into the plea agreement?
>
> MOVANT: Yes, Your Honor.
> . . .
> THE COURT: Other than the written plea agreement, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in your case?
>
> MOVANT: No, Your Honor.

CR ECF No. 52 at 57-58.

The Court notes trial counsel addressed Movant's previous four concurrent cases in his sentencing memorandum to the Court:

> Defendant would show the Court that he was initially put on probation on September 13, 2002, for ten years. While on probation he picked up new charges. Those charges resulted in the Defendants probation being revoked on April 20, 2006. The Defendant pled guilty to the new charge on the same date and went to prison. All four cases ran concurrently, and the Defendant only has one trip to prison, not four.

CV ECF No. 36 at 1. While it is clear Movant's trial counsel wanted the Court to consider the four concurrent cases together for purposes of a lower criminal history calculation, nothing in the record suggested or guaranteed Movant that the Court would do so.

Finally, Movant had little chance of success at trial and faced a potentially greater risk had he not pleaded guilty. He was arrested following a traffic stop and officers located methamphetamine, paraphernalia, and $13,250 inside the vehicle and $2,260 from Movant's wallet. CR ECF No. 27-1 at 4. Officers executed a search warrant on Movant's residence and located, *inter alia*, "distribution quantities" of methamphetamine, cocaine, marijuana, and a firearm. *Id.* at 5. Movant waived his *Miranda* rights and admitted to possessing the methamphetamine and the firearm. *Id.*

Given Movant's statements at the plea hearing that he understood he could be sentenced up to 20 years' imprisonment, his acknowledgement that he was not relying on any promises of a particular sentence in pleading guilty, and his strong likelihood of conviction had he gone to trial, the Court finds that Movant has not shown a reasonable probability of a better outcome if he had received different advice about his sentencing exposure. As a result, he cannot satisfy the second prong of *Strickland*, and his Motion (ECF No. 1) should be denied on this ground.

### B. Ground Two

In Movant's second ground he claims his trial counsel was ineffective by failing to challenge the "Government['s] lack of federal jurisdiction [] when Movant's property was searched on the basis of an unreliable C.I." CV ECF No. 1 at 5. The Court determines whether

7

it has "subject matter jurisdiction in a criminal case by looking at the indictment or information." *United States v. Scruggs*, 691 F.3d 660, 667-8 (5th Cir. 2012) (citing *United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002) ("The district court had jurisdiction over the case because a violation of federal law was charged, regardless of the sufficiency of the Government's proof.")). "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *Jackson*, 313 F.3d at 233 (citing *United States v. Desurra*, 865 F.2d 651, 654 (5th Cir. 1989)).

In his motion, Movant asserts officers received faulty intel from a confidential informant that Movant maintained a "meth lab" inside of his home, but, because officers did not find any such lab, he claims the government did not meet its "burden to prove [Movant] committed a federal crime." CV ECF No. 1 at 5; CV ECF No. 2 at 11. He alleges his trial counsel was deficient for failing to argue that the "[g]overnment had no federal jurisdiction in a state case." CV ECF No. 2 at 9.

Movant cannot prevail on his jurisdictional claim. Movant was charged by Information with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. CR ECF No. 14. He signed a waiver of indictment and chose to proceed on the Information. CR ECF No. 17. The Information sufficiently invoked the Court's jurisdiction, alleging violations of 21 U.S.C. § 841, including the allegation that Movant, in the Wichita Falls Division of the Northern District of Texas, possessed detectable amounts of methamphetamine with the intention of distributing the drugs. Regardless of the sufficiency of the Government's proof, the Court had jurisdiction over the case because the Information charged a violation of federal law. *See Jackson*, 313 F.3d at 233. As such, Movant's trial counsel

was not deficient under *Strickland* in failing to mount a meritless challenge to the Court's jurisdiction and Movant's motion on this ground must be denied.

### C. Ground Three

Movant next claims his trial counsel and appellate counsel "denied his right to appeal [and to] effective assistance of counsel." CV ECF No. 2 at 15-16. He argues his trial counsel "filed a motion to relieve himself without giving any notice to [Movant] and failed to request plea [] transcripts in order to challenge the plea agreement as knowing and voluntary." CV ECF No. 1 at 7. First, trial counsel's alleged failure to notify Movant of his intent to withdraw is not deficient assistance under *Strickland*. Even assuming trial counsel did not notify Movant of his intent to withdraw, the Court sees no resulting prejudice to Movant. Trial counsel filed his motion to withdraw (CR ECF No. 43) and Movant's Notice of Appeal (CR ECF No. 40) on the same day. Also that day, the Court granted trial counsel's motion and appointed appellate counsel to Movant (CR ECF No. 47). Despite his complaints, Movant fails to state how trial counsel's moving to withdraw without informing him caused Movant harm—there is nothing before the Court that suggests it affected his deadlines to appeal, his right to or receipt of appellate counsel, or his ability to subsequently pursue his appeal. Moreover, he does not state what he would have done differently had he received notice that trial counsel intended to withdraw—i.e. he does not say he would have retained a different counsel, etc. Such action (or inaction) by trial counsel is not deficient under *Strickland*.

Movant's argument concerning trial counsel's failure to order his plea hearing transcript similarly fails. He claims trial counsel failed to order transcripts to challenge his plea as unknowing and involuntary, but he fails to explain what testimony at his plea hearing was necessary to bring this issue on appeal or how any failure to obtain transcripts of his plea

9

hearing prejudiced him or his appeal. Trial counsel was not deficient for failing to request the transcript of the plea hearing because it did not contain helpful or relevant information to his appeal that was not available to him in other documents. Further, even if the failure to request Movant's plea hearing transcript was deficient performance, Movant suffered no prejudice because nothing in the transcript would have helped his appeal, much less have established a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For the above reasons, trial counsel was not deficient under *Strickland*.

Next, the Court finds meritless Movant's claims that appellate counsel "abandoned [his] right to direct appeal" and that he was not given a "chance to respond to [appellate] counsel's *Anders* brief." CV ECF No. 2 at 13-14; CV ECF No. 1 at 7. As stated, appellate counsel filed an *Anders* brief notifying the Fifth Circuit that an appeal in Movant's case would be frivolous. *See Luedtke*, No. 23-10968, 2024 WL 641029. Appellate counsel cannot not be rendered deficient for failing to raise a meritless claim on appeal. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). Further, *Strickland* prejudice "does not result from appellate counsel's failure to assert meritless claims or arguments." *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018).

The record belies Movant was not provided notice of the *Anders* brief and of appellate counsel's intent to withdraw—appellate counsel certified in the *Anders* brief that she moved to withdraw and that she sent a paper copy of the *Anders* brief to Movant. Notably, Movant makes no claim that he made any effort to obtain an extension of time to file his response. As such,

the Court finds no reason why he was unable to respond, let alone that his appellate counsel's performance prevented him from doing so.

As reasoned above, both trial counsel and appellate counsel were not deficient under *Strickland* and Movant's motion based on his third ground is denied.

### D. Ground Four

Movant lists two different claims within his fourth ground: First, that the Court erred in in not "mention[ing] or referenc[ing] 3553(a) factors throughout sentencing" and erred in failing to "allow movant to state his own 3553(a) factors [] in open court." CV ECF No. 1 at 8. Second, that his trial counsel was ineffective for failing to object to the Court's alleged error and for failing to present 3553(a) factors on behalf of Movant. CV ECF No. 2 at 17.

Movant's contention that the Court "failed to go over the 3553 factors with [Movant] in open court . . . or allowed [Movant] to bring forth his own factors for the Court to consider" is unsupported by the record. At sentencing, the Court and Movant's trial counsel had an extensive discussion of the 3553(a) factors as applied to Movant. CR ECF No. 53 at 5-8. It is irrelevant that the Court and trial counsel did not specifically reference "section 3553(a) factors" by name in their discussion. *See United States v. Alexander*, No. CR 14-126-JWD-EWD, 2019 WL 5268547, at *18 (M.D. La. Oct. 17, 2019) ("While [trial counsel] did not specifically mention the § 3553 factors, he argued well for his client and contributed to the Court sentencing Petitioner to a bottom-of-the-guideline sentence, in part based on the 3553(a) factors"). At the end of the colloquy, the Court asked Movant if he wished to speak on his own behalf, to which Movant responded, "No, sir. No, sir." *Id*. at 8. The Court then stated Movant's sentence as determined pursuant to section 3553. *Id*. The sentencing transcript belies Movant's claim that the Court erred at sentencing. *See United States v. Bonilla*, 524 F.3d 647, 658 (5th Cir. 2009)

(there is no error when "[e]xamining the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court.").

As discussed above, the Court did *not* err at sentencing in its discussion of the section 3553(a) factors—accordingly, any objection by Movant's trial counsel during the sentencing dialog would have been frivolous. Movant's trial counsel was not ineffective for failing to make a frivolous objection. Next, the record contradicts Movant's claim that his counsel "failed to present [Movant's] own factors." CV ECF No. 2 at 17. As discussed above, Movant's trial counsel did argue section 3553(a) factors on Movant's behalf during his sentencing hearing. CV ECF No. 53 at 7. In addition to oral argument, Movant's trial counsel filed an objection to the PSR (CR ECF No. 31) and a separate sentencing memorandum (CR ECF No. 36). These documents included evidence and arguments on, *inter alia*, the amount of methamphetamine attributed to Movant and Movant's criminal history. Moreover, there is nothing before the Court that supports that any further argument of the factors from trial counsel "would of (sic) gave [Movant] a downward variance below [Movant's] guideline sentence." CV ECF No. 2 at 17.

Failure of Movant's trial counsel to make a frivolous objection and failure to specifically mention section 3553(a) factors do not amount to deficiency under *Strickland* and his Motion (ECF No. 1) should be denied on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Movant failed to demonstrate that he received ineffective assistance of counsel under *Strickland*. He is, therefore, not entitled to relief under Section 2255, and his motion is **DENIED**.

For the same reasons, the Court concludes that reasonable jurists could not question the Court's resolution of Movant's claims. As a result, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *see also* Fed. R. App. P. 22(b)(1).

**SO ORDERED** this **4th day** of **April 2025.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**